obligation to ensure that a former clerk does not work on cases that were before this court during the time of his or her employment. The court expects that firms in assigning work to former clerks will utilize the available information to ensure that work assigned to former clerks does not fall into the prohibited category. Because other firms may benefit from this guidance, the panel has decided to issue a public order in hopes of preventing similar violations in the future.

RICHARD J. OPARIL, KEVIN M. BELL, SCOTT A.M. CHAMBERS.

DANIEL M. LECHLEITER, Faegre Baker Daniels LLP, Indianapolis, IN, argued for defendant-appellee. Also represented by BRIAN JAMES PAUL; DOOWON R. CHUNG, Minneapolis, MN; JUSTIN DEAN SCHNEIDER, Denver, CO.

(Newman, Lourie, and Dyk, Circuit Judges).

## JUDGMENT

Per Curiam

THIS CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

## INTEGRATED TECHNOLOGICAL SYSTEMS, INC., Plaintiff-Appellant

v.

## FIRST INTERNET BANK OF INDIANA, Defendant-Appellee

2017-1795

United States Court of Appeals, Federal Circuit.

February 20, 2018

## A. SCHULMAN, INC., Plaintiff-Appellant

v.

## POLYONE CORPORATION, Spartech LLC, Defendants-Appellees

2017-2035

United States Court of Appeals, Federal Circuit.

February 20, 2018

MATTHEW ZAPADKA, Porzio, Bromberg & Newman, PC, Washington, DC, argued for plaintiff-appellant. Also represented by

ERIC C. COHEN, Brinks Gilson & Lione, Chicago, IL, argued for plaintiff-appellant.

an Appeals Pending List contains a notification that it includes a sealed case, the law

clerk should redact that item before giving the list to an employer.